**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | **Case No. 11-20128-01 (Criminal)** |
| | **16-2131 (Civil)** |
| **GUSTAV WILHELM BRUNE,** | |
| **Defendant.** | |

**MEMORANDUM & ORDER**

This case is before the court on defendant Gustav Wilhelm Brune's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 109) and Motion for Temporary Injunction (Doc. 116). Defendant raises three issues in his motion to vacate: (1) whether the Sex Offender Registration and Notification Act ("SORNA") is constitutional as applied to him; (2) whether the Assistant United States Attorney engaged in prosecutorial misconduct; and (3) whether investigating officers violated his Fourth Amendment rights at the time of defendant's arrest. For reasons described below, the court denies defendant's motion.

**I.      Background**

In 2001, defendant pleaded guilty to a violation of 18 U.S.C. § 2252(a)(4)(B), which prohibits the possession of child pornography. After serving twenty-seven months in prison, defendant was placed on supervised release. In 2004, defendant violated a condition of his release and served a supplemental twenty-one-month sentence. Although defendant was not required to go through another period of supervised release, he was required to register as a sex offender for life under the Kansas Offender Registration Act ("KORA") K.S.A. §§ 22-4901–22-4913 and SORNA. Defendant failed to register between August 2009 and May 2011 violating both acts. While executing a search incident to

arrest, government agents discovered child porn on defendant's home computer. Defendant was indicted and pleaded guilty to failing to register under SORNA and unlawfully, knowingly, and intentionally accessing with the intent to view child pornography.

Defendant pleaded guilty to failing to register and update his registration. As a part of his guilty plea, defendant admitted that he was required to register as a sex offender for life under the KORA, in person four times per year. Defendant appealed the judgment to the Tenth Circuit. On defendant's direct appeal, he asked that the court find a subsection of the SORNA unconstitutional. This subsection requires federally convicted sex offenders to register their status in states where they live, work, or study. Defendant argued that SORNA's registration provisions were not connected to the Necessary and Proper Clause; therefore Congress exceeded its constitutional powers when it enacted SORNA.

The Tenth Circuit affirmed this court's judgment, finding that defendant's freedom was not unconditional because by nature of his conviction under a validly enacted federal law, he is required to register as a sex offender for life under KORA and SORNA. The defendant appealed the Tenth Circuit's decision to the United States Supreme Court, which denied his petition for writ of certiorari.

Defendant waived any right to challenge his sentence through a collateral attack under § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), and 18 U.S.C. § 3582(c)(2)). But the government has not sought to enforce the waiver, so the court addresses the merits of defendant's claims. *See United States v. Calderon*, 428 F.3d 928, 930–31 (10th Cir. 2005) ("[T]he waiver is waived when the government utterly neglects to invoke the waiver.").

**II.     Legal Standard**

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence imposed by a court established by an Act of Congress when claiming the right to be released upon the ground

that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  In order to prevail on a § 2255 motion, a defendant must show a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

A defendant cannot reassert questions raised and addressed by an appellate court under a § 2255 motion.  *United States v. Smith*, No. 04-20043-CM, 2007 WL 3353402, at *1 (D. Kan. Nov. 7, 2007).  "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."  *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (finding that unless there is new applicable law, an issue disposed of on direct appeal generally will not be considered on a collateral attack by a § 2255 motion).

Section 2255 motions are also not available to raise matters that should have been raised on direct appeal, unless the defendant can show both cause for the procedural default and actual prejudice *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002), or if he can show that a fundamental miscarriage of justice will occur if his claim is not addressed.  *Davis v. United States*, 417 U.S. 333, 346 (1974).

The court must grant an evidentiary hearing on the motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The defendant bears the burden of alleging facts which, if proven, would entitle him to relief. *See Daniels v. United States*, 254 F.3d 1180, 1188 (10th Cir. 2001).

**III.     Discussion**

Defendant argues that: (1) SORNA is unconstitutional as applied to him because he was unconditionally released under the standards of both *United States v. Comstock*, 560 U.S. 126 (2010) and *United States v. Kebodeaux*, 133 S.Ct. 2496 (2013); (2) the prosecutor engaged in prosecutorial misconduct because she knowingly, willfully, and intentionally lied to the court with intent to obstruct justice; and (3) his Fourth Amendment rights were violated because officers conspired to arrest him knowing that no violation of federal law occurred.  Here, relief under § 2255 is not appropriate on any of defendant's challenges.  The Tenth Circuit already considered defendant's argument regarding the constitutionality of SORNA and defendants other two arguments are waived because he failed to raise them on direct appeal and does not show cause for his failure to do so.

### A. The Tenth Circuit Found SORNA constitutional as applied to defendant

Defendant reasserts his argument that SORNA is unconstitutional as applied to him because Congress exceeded its constitutional powers under the Necessary and Proper Clause in enacting it. The Tenth Circuit already addressed this argument and found that SORNA's regulation of interstate trafficking of child pornography is constitutional under the Commerce Clause, and because SORNA is constitutional, its registration requirements are permissible under the Necessary and Proper clause as a limited and rational extension of congressional power.  The Tenth Circuit found that defendant was never unconditionally released from federal supervision because he was always required to register under SORNA.  Defendant does not suggest that there has been an intervening change in the law of the circuit such that reconsideration of this issue would be proper.  This court will therefore not reconsider the issue.

### B. Prosecutorial Misconduct

Defendant claims that the Assistant United States Attorney engaged in prosecutorial misconduct by knowingly making misrepresentations to the court with the intent to keep Mr. Brune from getting the opportunity to fairly litigate his case.

Procedurally the issue of prosecutorial misconduct is barred because it was not raised on direct appeal.  *Wiseman*, 297 F.3d at 979 (stating that the defendant cannot allege an error affecting his conviction for the first time on collateral review unless he can show cause for his default or that he would suffer prejudice if the court does not address his claim).  In his motion to vacate, defendant claimed that the conditional plea agreement limited his direct appeal to motions to dismiss; however the plea agreement stated that "the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct."  (Doc. 56 at 10-11 ¶ 11.)  The court will therefore not substantively consider this issue.

### C.     Violation of Defendant's Fourth Amendment Rights

Defendant argues that his arresting officers violated his Fourth Amendment rights.  Procedurally, defendant's claim fails because it was not raised on direct appeal and he knowingly and voluntarily entered into the plea agreement.  *Wiseman*, 297 F.3d at 979 (stating that the defendant cannot allege an error affecting his conviction for the first time on collateral review unless he can show cause for his default or that he would suffer prejudice if the court does not address his claim); *Cockerham*, 237 F.3d at 1183, 1187 (stating that a waiver of § 2255 rights expressly contained in a voluntarily entered plea agreement will be enforced when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver).  Defendant does not show good cause for his failure to raise this issue on appeal or provide any other basis for the court to review his untimely arguments.  The court will therefore not substantively consider this issue.

### IV.    Conclusion

Defendant's challenges are procedurally barred because they were not raised on direct appeal and they substantively fail because the Tenth Circuit already addressed and rejected defendant's argument that SORNA is unconstitutional.  The record before the court conclusively shows that defendant is not entitled to relief.  Accordingly, no evidentiary hearing is required.  The court denies defendant's § 2255 motion in its entirety.

Defendant also filed a motion requesting the court to enter a temporary injunction prohibiting enforcement of the terms of defendant's supervised release and the requirement that he register as a sex offender until his motion to vacate is decided.  The court finds that the motion for temporary injunction is hereby denied as moot.

**IT IS THEREFORE ORDERED** that defendant Gustav Wilhelm Brune's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 109) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Temporary Injunction (Doc. 116) is denied as moot.

Dated December 23, 2016, at Kansas City, Kansas.

            s/ Carlos Murguia
            **CARLOS MURGUIA**
            **United States District Judge**